People v Goines
2026 NY Slip Op 03889
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Phoenix Goines, Defendant-Appellant.

Decided and Entered: June 18, 2026
Ind No. 1186/21|Appeal No. 6931|Case No. 2023-01399|
Before: Kennedy, J.P., Friedman, Gesmer, Michael, Chan, JJ.

Law Office of Lawrence P. LaBrew, New York (Lawrence P. LaBrew of counsel), for appellant.
Alvin L. Bragg, Jr. District Attorney, New York (Stephen J. Kress of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Althea E. Drysdale, J.), rendered March 7, 2023, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of twenty years on the attempted murder and assault counts, and ten years on each of the weapon possession counts, unanimously affirmed.
Defendant's challenges to the DNA evidence admitted at trial are unavailing. His due process rights were not violated because, contrary to defendant's contentions, the People did not "obtain" or "test" a buccal swab from a case against defendant that was sealed pursuant to CPL 160.50 without giving him notice and an opportunity to be heard (see Matter of Abe A., 56 NY2d 288, 296 [1992]). The People entered the DNA evidence collected in this case into the CODIS database and were notified of a match with defendant's DNA profile. This conduct does not implicate due process.
Defendant's Confrontation Clause argument also fails because the People's DNA witness "'used . . . her independent analysis on the raw data' to arrive at . . . her own conclusions" (People v Austin, 30 NY3d 98, 104 [2017],quoting People v John, 27 NY3d 294, 315 [2016]).
In any event, any error in admitting the DNA testimony and reports was harmless beyond a reasonable doubt (see People v Crimmins, 36 NY2d 230, 237 [1975]; see also People v Jordan, 40 NY3d 396, 404 [2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026